STACK v. WILLIAMS.

(Supreme Court, Appellate Division, Second Department. January 8, 1915.)

1. INSURANCE (§ 750*)—FRATERNAL INSURANCE—RIGHT TO BENEFITS.

Under a by-law of a fraternal insurance society providing that a member indebted for 13 weeks' dues should be out of benefit, and could not become beneficial again until the lapse of 3 months from payment of his back dues, and that in case of a member's death while delinquent, and before the expiration of such 3 months, his representatives would be entitled to $10, a member delinquent for 13 weeks was out of benefit, and, though remaining a member, his representatives were entitled only to $10.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1895, 1896, 1903; Dec. Dig. § 750.*].

2. INSURANCE (§ 755*)—PAYMENT OF DUES —WAIVER.

Under a by-law of a fraternal insurance society fixing its weekly dues at 15 cents, which, it appeared, a member could pay as he would without affecting his membership, unless action under a provision for dropping him from membership was taken, and where delinquency for 13 weeks, while depriving him of benefits beyond $10, did not of itself affect his membership, it will not be held that the society waived such delinquency, so as to enable a beneficiary to recover the full benefits.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1907–1916; Dec. Dig. § 755.*]

3. INSURANCE (§ 817*) — ACTION FOR BENEFITS — INSTRUCTIONS — BURDEN OF PROOF.

In a beneficiary's action against a fraternal insurance society, it was not error to refuse a charge that the burden of establishing forfeiture was upon the defendant, coupled with a request that defendant must show that it had fully complied with its constitution and by-laws.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1999–2002; Dec. Dig. § 817.*]

4. INSURANCE (§ 739*)—PAYMENT OF DUES—TIME.

A by-law exacting weekly dues calls for payment weekly.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1886; Dec. Dig. § 739.*]

Appeal from City Court of Yonkers.

Action by John G. Stack, individually, and as administrator of Cornelius Lawrence, deceased, against Edward Williams, as president, etc. From a judgment for defendant, and an order denying a motion for a new trial, plaintiff appeals. Judgment and order affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, STAPLETON, and RICH, JJ.

Albert C. Jordan, of Yonkers, for appellant.

Lee Parsons Davis, of White Plains, for respondent.

THOMAS, J. Lawrence died at a time when he was a member of the defendant society and debtor to the plaintiff, who was appointed as administrator. Decedent left a son, who transferred his claim against the defendant to Stack, who brings this action. The by-laws of the society give a member a certain status if he keep up his dues, another status if he is delinquent, and still another status if he has been delinquent 13 weeks.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] This action involves the third condition. If he be in good standing at the time of his death, there is payable to his nearest of kin, or whomsoever he may have designated, $100 in case of death prior to 6 months from initiation, or $250 in case of death after 6 months therefrom. Such is the provision of section 3. Section 5, for present purposes, definitely determines what is good standing:

"Any member indebted to this camp to the amount of thirteen weeks' dues shall be considered out of benefits, and cannot become beneficial again, or his heirs or assigns in any way hold this camp responsible, except as hereafter provided, until three months shall have elapsed from the date of the payment of his back dues. In the event of the death of a member out of benefits, or who has allowed his dues to lapse for thirteen weeks, and three months having not expired since the payment of his back dues, then in that event his legal representatives shall be entitled to receive, and the camp shall pay to the same the sum of ten dollars ($10.00)."

By this section a person may be delinquent in his dues and remain a member of the society, and if he die his representative is entitled to $10. But if, in the course of his membership, he remain delinquent for 13 weeks, his status becomes such that he is out of benefits, and does not become qualified for them, until the lapse of 3 months from the date of the payment of his back dues, except as to the $10. The decedent in the present case was out of benefits under this section. It appears that on September 25, 1913, he was indebted in the sum of $2.05, and that on the following October 2d he was in arrears $2.50, whereon he paid at that time $1, leaving a balance of $1.50, which was paid on October 16th. He died in the following November. On October 16th, when he paid up, he was in arrears 16 weeks.

[2] The by-laws provide:

"Section 5. The weekly dues of this camp shall be fifteen cents."

The plaintiff urges, first, that in practice it was the custom to allow the dues to be paid quarterly; second, that the by-law purporting to require payment of weekly dues did not require them to be paid each week. The record shows that a member could pay as he would without affecting his membership, unless section 7 of article VII, providing for dropping him from the roll, were invoked. Delinquency did not otherwise affect his membership, or deprive his beneficiary of the right to recover a certain insurance. But if the delinquency amounted to $13 weeks, and had not been cured by the expiration of 3 months after payment, no larger sum was recoverable. Therefore it is incorrect to conclude that the society permitted the decedent to be delinquent, and so waived it as to enable his beneficiary to collect the larger insurance. If it could be shown that the society had allowed members to pay as they would in disregard of the provisions of section 5, and had commonly paid the larger benefit to their beneficiaries so that the jury could conclude that the decedent had been influenced by that practice, it might have been a question for the jury. The court did submit to the jury the question whether there had been a waiver on the part of the society, but the verdict was against the plaintiff.

[3] It is urged that there was error in the refusal to charge that the burden of showing forfeiture was upon the defendant, but coupled with that was the request that defendant "must show that it has fully com-

plied with its constitution and by-laws in this case." It is also said that there was error in the refusal to charge that the fact that the defendant on previous occasions waived the forfeiture under section 5 "should be considered as strong corroboration of a waiver of forfeiture at this time." As already stated, the record shows that there was no evidence of relevant waiver.

[4] The court was quite correct in declining to charge that the by-law exacting a weekly payment of 15 cents did not fix the time of payment. There was no question of fact to go to the jury, and the defendant was entitled to a dismissal of the complaint.

The judgment and order should be affirmed, with costs. All concur.